UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 6:18-CR-032-CHB- |
| ) | HAI |
| v. ) | |
| ) | |
| JORDAN RYAN TURNER, ) | **ORDER ADOPTING** |
| ) | **RECOMMENDED DISPOSITION** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendant Jordan Ryan Turner's Sealed Motion to Suppress [R. 26] and a Recommended Disposition prepared by Magistrate Judge Hanly A. Ingram [R. 40]. In the Recommended Disposition, Judge Ingram recommends that defendant's Motion to Suppress be denied. *Id.* The defendant having filed an Objection to the Recommended Disposition [R. 44], and the United States having responded to the defendant's Objection [R. 46], the Motion to Suppress [R. 26] is ripe for the Court's review. For the reasons stated herein, the defendant's Objections are overruled, the Recommended Disposition is adopted as the Opinion of this Court, and the defendant's Motion to Suppress [R. 26] is denied in part and granted in part.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On March 31, 2018, the Kentucky State Police ("KSP") received a phone call from a woman who complained that her juvenile son had received inappropriate Facebook messages from the Facebook account belonging to "Jordan Turner." [R. 26, at p. 2] That same day, KSP Detective Jacob Wilson ("Det. Wilson") spoke with the alleged victim's mother and obtained permission to review the messages in question. Following Detective Wilson's review of the

Facebook message history between the alleged victim and "Jordan Turner," he concluded that "Jordan Turner" asked the alleged victim several times to send nude pictures of himself and "repeatedly made references to the juvenile's small penis." *See* [R. 26-3, Sealed Ex. C, Phone Aff.]  According to Det. Wilson, in this Facebook message conversation, "Jordan Turner" asked the alleged victim for pictures of his penis and stated he would compare them. *Id.*

Based on this investigation and the affidavits of the investigating officers, Bell County District Court Judge Robert T. Yoakum authorized a series of search warrants for Defendant Jordan Turner's cell phone, residence, and Facebook account.[1]  The search warrant for Defendant Turner's cell phone (the "Phone Warrant") was issued on April 9, 2018 and was accompanied by an affidavit that Det. Wilson had prepared.  In his affidavit, Det. Wilson stated that there was probable cause to believe that "[a]ny and all electronic devices" of Jordan Turner constitute "property or things used as the means of committing a crime"; "property or things in the possession of a person who intends to use it as a means of committing a crime"; "property or things in the possession of a person to whom it was delivered for the purpose of concealing it or preventing its discovery and which is intended to be used as a means of committing a crime"; and "property [or] things consisting of evidence which tends to show that a crime has been committed or that a particular person has committed a crime." [R. 26-3, Sealed Ex. C, Phone Aff., at pp. 1–2]

The affidavit further stated that, on March 31, 2018:

> Replace this text with your investigation. I responded to Wildcat Market in Flat Lick, KY to meet with Trooper Taylor Mills in reference to a complaint of Jordan Turner sending inappropriate messages/requests through facebook to a 14 year old

---

[1] In its response, the United States represented that it does not intend to introduce any evidence obtained from the searches of Defendant Turner's residence or Facebook account [R. 31 at p. 1], and Defendant Turner's reply focuses only on issues concerning the search of his phone. [R. 37]  Thus, the Court will focus solely on Turner's arguments relating to the search of his cell phone.  The Court adopts Judge Ingram's recommendation that Defendant Turner's motion be denied as moot as it relates to the searches of his residence and Facebook account.

male juvenile student. I also spoke with the juvenile's mother (Cindy [redacted]).[2] She allowed me to look at the messages on her son's facebook account. I read the conversation between the juvenile and Jordan Turner's facebook name. Jordan Turner asked the juvenile several times to send him pictures of his penis and repeatedly made references to the juvenile's small penis. Jordan Turner asked the juvenile for pictures of his penis and stated he would compare them.

*Id.*

On April 9, 2018, after obtaining the Phone Warrant[3], "the Kentucky State Police approached [Defendant Turner] and questioned him. He stated that his conversation with this juvenile was a long-standing joke." [R. 26, at p. 4] Following the interview, the police seized the defendant's cell phone, which was a gray iPhone 6S+.

On June 20, 2018, formal federal charges were brought against the defendant through a criminal complaint. [R. 1]. On June 28, 2018, an indictment was returned, charging Defendant Turner with four counts. [R. 8] The counts relate to the production, receipt, distribution, and possession of a visual depiction of a minor engaged in sexually explicit conduct.[4] *Id.* The indictment also includes a forfeiture allegation. *Id.* at p. 3. A jury trial is scheduled to begin on January 8, 2019. [R. 35]

Defendant Turner filed a Motion to Suppress evidence seized during the warrant-backed searches of his cell phone on April 9, 2018, his residence on April 16, 2018, and his Facebook

---

[2] The Court has redacted the juvenile's mother's last name. *See* Fed. R. Crim. P. 49.1.
[3] Multiple versions of the Phone Warrant and affidavit have been filed in the record. The operative versions of the warrant and affidavit are those found at [R. 26-2 and 26-3]. *See* [R. 31, at p. 2, n. 3]
[4] Specifically, Count 1 charges Defendant Turner with attempting to use a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction, a violation of 18 U.S.C. § 2251(a) and (e). *Id.* at p. 1. Count 2 charges Defendant Turner with knowingly receiving a visual depiction, the production of which involved the use of a minor engaged in sexually explicit conduct and the depictions were of such conduct, in violation of 18 U.S.C. § 2252(a)(2). *Id.* at 2. Count 3 charges Defendant Turner with knowingly distributing a visual depiction, the production of which involved the use of a minor engaged in sexually explicit conduct and the depictions were of such conduct, in violation of 18 U.S.C. § 2252(a)(2). *Id.* Finally, Count 4 charges Defendant Turner with knowingly possessing at least one matter, which contains any visual depiction, the production of which involved the use of a prepubescent minor or minor who had not attained 12 years of age engaging in sexually explicit conduct and the visual depictions were of such conduct, in violation of 18 U.S.C. § 2252(a)(4)(B). *Id.* at pp. 2–3.

account on April 17, 2018. [R. 26, at p. 1]  Defendant's motion states that "[h]e was arrested on state charges for an alleged violation of KRS § 510.155, the unlawful use of electronic means originating or received within the Commonwealth to induce a minor to engage in sexual or other prohibited activities." [R. 26, at p. 5]  Defendant's motion also asks for the Court to suppress "all of the other evidence obtained as 'fruit of the poisonous tree' on the grounds that the search warrants were issued without probable cause." *Id.*

In its response, the United States represented that it does not intend to introduce any evidence obtained from the searches of the defendant's residence or Facebook account. [R. 31, at p. 1]  Defendant Turner's reply therefore focused only on issues concerning the search of his phone. [R. 37]  The defendant argued that the Phone Warrant was invalid for numerous reasons, including that: the affidavit failed to sufficiently allege a specific crime, or any crime at all, had occurred; the warrant failed to meet the particularity requirement of the Fourth Amendment; the affidavit did not establish a nexus between the phone and the evidence sought; and the affidavit had staleness concerns.  The defendant also briefly argued an identity issue, submitting that the affidavit contained no information "that he was the subscribed user of the Facebook account." [R. 26, at p. 12, R. 37 at p. 7]  Finally, Defendant Turner renewed his request that the Court suppress "all other evidence obtained as 'fruit of the poisonous tree.'" [R. 37 at p. 1]

This matter was referred to Magistrate Judge Ingram for findings of fact, conclusions of law, and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Crim. P. 59(b)(1). [R. 29]  In a thorough opinion ("Recommended Disposition"), Judge Ingram made the following findings:

1.      The affidavit provided probable cause to believe that the Facebook user "Jordan Turner" was having communications involving the unlawful request for a juvenile student to send pictures of his genitals to him. [R. 40, at p. 5];

2.       The affidavit did provide probable cause that a crime had been committed, even though it did not have to name a particular statute alleged to have been violated. *id.*;

3.       The description of the authorized items to be searched in the Phone Warrant was overbroad, but the remedy is not suppression. Rather, severance of the infirm portions from the remainder is proper remedy. *Id.* at pp 6-7;

4.      The affidavit did not fail to establish a nexus between the property to be searched, *i.e.* Defendant Turner's phone, and the evidence to be seized, *i.e.* that relating to Turner's unlawful requests. *Id.* at p. 8;

5.      The information contained in the affidavit was not stale. *Id.* at p. 9;

6.      Defendant Turner did not adequately argue the identity issue, and the affidavit of Det. Wilson provides sufficient probable cause to believe that evidence of the criminal conduct at issue would be found on "Jordan Turner's" phone.  Therefore, Turner's arguments concerning identity fail. *Id.* at p. 10;

7.      Because Defendant Turner did not show the search of his phone was illegal, his argument in favor of suppression of all evidence is ineffective. *Id.* at p. 10; and

8.      Even if the Court found that the Phone Warrant lacked probable cause, it would be saved by the good-faith exception outlined in *U.S. v. Leon*, 468 U.S. 897 (1984). *Id.*

Following these findings, Judge Ingram recommended to this Court that Defendant Turner's Motion to Suppress be denied in part and granted in part. *Id.* at p. 11.  Judge Ingram recommended denying as moot "the portions of [Defendant] Turner's motion relating to the

searches of his residence and Facebook account because the government represents that it does not intend to rely upon any evidence seized during those searches." *Id.* However, Judge Ingram further recommended that to the extent that any evidence was obtained that exceeded the scope of probable cause established by the affidavit, that evidence should be suppressed. *Id.* Finally, Judge Ingram recommended denying Defendant Turner's Motion concerning evidence that was properly within the scope of the probable cause established by the phone affidavit. *Id.* This evidence should not be suppressed. *Id.*

Defendant Turner filed a timely objection to the Recommended Disposition. [R. 44] The defendant objects to the Recommended Disposition on four grounds. First, defendant disputes Judge Ingram's finding that probable cause existed to issue the Phone Warrant. [R. 44, at p. 1] Next, he objects to the finding that a sufficient nexus was established between the criminal activity and premises (the cell phone) to be searched. *Id.* He then objects to the finding that the Phone Warrant met the Fourth Amendment's particularity requirement. *Id.* Finally, Defendant Turner objects to Judge Ingram's finding that the good-faith exception applied. *Id.*

## II. ANALYSIS

### A. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Crim. P. 59, the Court may refer a motion to suppress to a magistrate judge for the preparation of a report and recommendation. "The magistrate judge must promptly conduct the required proceedings and enter on the record a recommendation for disposing of the matter, including any proposed finding of fact." Fed. R. Crim. P. 59(b)(1). If a party files timely objections to the recommendation, the district court must consider those objections *de novo* and "accept, reject, or modify the recommendation." Fed.

R. Crim. P. 59(b)(3). Failure to object to a magistrate judge's findings or conclusions results in waiver of those objections. Fed. R. Crim. P. 59(b)(2).

Moreover, the objections must be specific. "[V]ague, general, or conclusory objections" are "tantamount to a complete failure to object." *Cole v. Yukins*, 7 Fed.Appx. 354, 356 (6th Cir. 2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). Consequently, "an 'objection' that does nothing more than state[s] a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *United States v. Vanover*, No. 2:10-cr-14-DLB, 2017 WL 1356328, *1 (E.D. Ky. Apr. 11, 2017) (quoting *VanDiver v. Martin*, 304 F. Supp. 3d 934, 938 (E.D. Mich. 2004)).

**B. Probable Cause Existed for Judge Yoakum to Issue the Phone Warrant.**

In his first objection, Defendant Turner maintains that probable cause was not established to issue the Phone Warrant in this case because "the affiant failed to specify a crime, describe a crime, or provide a specific criminal statute." [R. 44, at p. 1]. In considering the defendant's probable cause arguments, the Court must review whether the affidavit "provide[d] the magistrate with a substantial basis for determining the existence of probable cause." *United States v. Leon*, 468 U.S. 897, 915 (1984) (quoting *Illinois v. Gates*, 462 U.S. 213, 239 (1983)). "The probable cause standard is a 'practical, non-technical conception' that deals with the 'factual and practical considerations of everyday life.'" *United States v. Frazier*, 423 F.3d 526, 531 (6th Cir. 2005) (quoting *Gates*, 462 U.S. at 231). The Court's review is limited to the four corners of the affidavit. *See id.*

The Court agrees with Judge Ingram's analysis of this issue. Probable cause has been described as existing:

> where the facts and circumstances within the agents' knowledge, and of which they had reasonably trustworthy information[,] . . . [are] sufficient to themselves to warrant a man of reasonable caution in the belief that . . . a crime has been or is being committed, and that a seizable property can be found at the place or on the person to be searched.

*Fugate v. United States*, 909 F.2d 1483 (6th Cir. 1990) (per curiam) (unpublished table decision) (quoting *Carroll v. United States*, 267 U.S. 132, 162 (1925)).

The Court finds that the affidavit provided a substantial basis to support a finding of probable cause that an unlawful act (soliciting nude pictures of a minor) had been committed. The affiant, Det. Wilson, received a complaint from the alleged victim's mother that inappropriate communications had taken place. Det. Wilson then corroborated this complaint after receiving permission to review the messages on the alleged victim's Facebook account. Det. Wilson identified the account holder's name and relayed to the issuing judge that this person made multiple requests for nude pictures of the alleged victim. Thus, by its language, the affidavit provided probable cause to believe that the Facebook user "Jordan Turner" was having communications that involved the unlawful request for a minor student to send pictures of his genitals to him. Further, Det. Wilson's firsthand review provided an ample factual basis to support a finding that evidence of this crime could be found from a search of the defendant's phone.

Still, the defendant attacks the Recommended Disposition on this point, arguing that the affidavit failed to specify "sexual conduct by a minor" in violation KY. REV. ST. Chapter 531. *Id.* at 3. Defendant Turner argues that because nothing in the affidavit suggests that the minor engaged in "sexual conduct," the affidavit did not specify that a crime occurred that fell under the relevant Kentucky statute. The Court finds this objection unconvincing. As Judge Ingram pointed out, it is unlawful for a person to promote sexual conduct by a minor, including the

"exposure, in an obscene manner of the unclothed . . . genitals." *See* [R. 40, at pp. 4-5] Pursuant to KY. REV. ST § 531.300(7): "'Promote' means to prepare, publish, print, *procure* or manufacture, or to offer or agree to do the same." *Id.* at (7) (emphasis added). Thus, from facts contained in the affidavit, there was a substantial basis for Judge Yoakum to find that there was probable cause that a crime had been committed. *Fugate v. United States*, 909 F.2d 1483.

Further, as pointed out by Judge Ingram, "the affidavit does not need to include the name of the specific crime alleged." [R. 40, at pp 4-5] (quoting *United States v. Summage*, 481 F.3d 1075, 1078 (8th Cir. 2007). Instead, the Court may look to the facts provided by the affidavit to cabin the scope of the search allowed. *United States v. Rarick*, 636 F. App'x 911, 914 (6th Cir.), *cert. denied*, 136 S. Ct. 2403 (2016). Based on the practical factors the affidavit supplied to Judge Yoakum, the Court concludes that there was a sufficient factual basis to support a finding of probable cause for the Phone Warrant. This objection is overruled.

**C. The Affidavit Established a Nexus Between the Property to be Searched and the Evidence to be Seized.**

In Defendant Turner's next objection, he again alleges that the affidavit failed to demonstrate a nexus between the conduct complained of and the place searched – his cell phone. [R. 44, at p. 1]. Specifically, the defendant attacks the sufficiency of the information provided in the affidavit to support a finding that evidence of the inappropriate communications would be found on his phone. The Court is unmoved by this argument.

Like the Magistrate Judge in this case, the Court finds the decision of the United States Court of Appeals for the Seventh Circuit in *United States v. Reichling* to be persuasive. 781 F.3d 883 (7th Cir. 2015). In that case, the Seventh Circuit observed that, "[i]n evaluating search warrant applications, judges may consider what is or should be common knowledge." *Id.* (internal quotation marks omitted). Further, because "probable cause is a fluid concept," in

making a determination about whether it exists, issuing judges are permitted to consider "the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *Gates*, 462 U.S. at 231–32.

The Court agrees with Judge Ingram's analysis of this issue. Individuals commonly use their cell phones to communicate and message on social networking platforms such as Facebook Messenger. Most smart phones are capable of taking pictures and uploading these pictures to social networking platforms like Facebook Messenger. This is common knowledge. A person's smart phone is the most convenient means of accessing social networking sites, and many of these sites provide the capability for their users to upload photographs directly to their phones. Thus, it was reasonable for the issuing judge to have inferred that evidence relating to the defendant's request through Facebook Messenger for nude pictures of the alleged victim would be found on the defendant's cell phone. The affidavit did not fail to establish a nexus between the property to be searched (Defendant Turner's cell phone) and the evidence to be seized (that relating to the defendant's unlawful requests). This objection is overruled.

### D. The Phone Warrant Meets the Particularity Requirement of the Fourth Amendment.

Defendant Turner next objects to Judge Ingram's findings concerning whether the Phone Warrant met the Fourth Amendment's particularity requirement. [R. 44, at p. 1]. However, the defendant does not develop this objection in any meaningful way, and argues only in a conclusory manner that "no crime was alleged in the affidavit or provided in the warrant." *Id.* at 5. Since "vague, general or conclusory objections" are "tantamount to a complete failure to object," the Court need not analyze this issue in depth. *Cole v. Yukins*, Fed.App'x. 354, 356 (6th Cir. 2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). The Court construes this "objection" to be nothing more than a statement of disagreement with Judge Ingram's suggested

finding. *United States v. Vanover*, No. 2:10-cr-14-DLB, 2017 WL 1356328, *1. The objection is thus overruled.

The Court is satisfied with Judge Ingram's resolutions for dealing with any evidence that may have been seized from an overly-broad warrant: "to the extent that any evidence was obtained that exceeded the scope . . . of probable cause established by the affidavit, that evidence should be suppressed. But, conversely, evidence that was properly within the scope of the probable cause established by the affidavit should not be suppressed." [R. 40, a pp. 6-7] This resolution also comports with Sixth Circuit's explanation in *Rarick* that "the remedy in this circuit is not suppression of all of the items seized under the warrant, but rather severance of the infirm portions from the remainder which passes constitutional muster." *Rarick*, 636 Fed. App'x at 915 (internal quotation marks omitted). This is an appropriate remedy that addresses the particularity issue that Defendant Turner raises in his Motion to Suppress. It will be incumbent upon the United States to follow the strictures of the Court's Opinion on this matter. The Court will entertain appropriate motions on the issue if further guidance is sought from the parties.

**E. The Good-Faith Exception Applies to the Phone Warrant.**

Finally, Defendant Turner objects to Judge Ingram's findings that the good-faith exception pursuant to *U.S. v. Leon* applied. 468 U.S. 897, 915 (1984); [R. 44, at p. 1] For support, the defendant states that "the affiant was so reckless in preparing his affidavits that he could not have harbored an objectively reasonable belief in the existence of probable cause." *Id.* at p. 5 (citing *United States v. Gros,* 824 F.2d 1487, 1497 (6th Cir. 1987)). In a conclusory fashion, the defendant simply alleges that Det. Wilson's "drafting of the warrant fell well outside the realm of objective reasonableness, and any 'reasonably well-trained officer' would have

known the affidavit was insufficient to support the warrant." *Id.* (citing *United States v. McCraven,* 401 F.3d 693, 698 (6th Cir. 2005)). The Court cannot agree.

Even if the warrants were deemed defective, the searches were valid under the good-faith exception to the warrant requirement. Under *United States v. Leon*, 468 U.S. 897 (1984), the exclusionary rule, which suppresses illegally obtained evidence, does not apply where "an officer acting with objective good faith has obtained a search warrant from a judge or magistrate and acted within its scope." *Id.* at 920.

The Court agrees with Judge Ingram that none of the scenarios outlined in *Leon* are present in this case. *See* [R. 44, at pp. 10-11] To support his contention that Det. Wilson's drafting of the affidavit was "objectively unreasonable," the defendant cites to *United States v. McCraven*. In that case, the Sixth Circuit was presented with a "close question" assessing the strength of an affidavit from a confidential informant who had allegedly witnessed drug sales that served as the basis of a search warrant. *McCraven*, 401 F.3d at 695. In this case, however, the affidavit was prepared by Det. Wilson and was based on his own investigation. Thus, this case does not present the Court with a comparable "close call" where the credibility of the affiant comes into question. While terse, the Court finds that the affidavit was not so conclusory as to constitute a "bare bones" affidavit. *Leon,* 468 U.S. at 915. Moreover, the warrant was not so facially deficient that it could not be presumed valid. *Id.* at 923. Therefore, even if the Phone Warrant and affidavit did not meet the threshold of probable cause, they certainly satisfy the "less demanding showing" required under *Leon*'s good-faith exception. *United States v. Carpenter*, 360 F.3d 591, 595 (6th Cir. 2004) (en banc). This objection is overruled.

## III.   CONCLUSION

Accordingly, and with the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. Defendant Jordan Ryan Turner's Objections to the Recommended Disposition [**R. 44**] are **OVERRULED.**

2. The Court hereby **Adopts the Recommended Disposition** of the United States Magistrate Judge [**R. 40**] as the findings of fact and conclusions of law of the Court

3. Defendant Turner's Motion to Suppress [**R. 26**] is **DENIED in part** and **GRANTED in part.**

4. The portion of Defendant Turner's Motion to Suppress [**R. 26**] relating to the searches of his residence and Facebook account is **DENIED as moot** as the United States will not rely upon any evidence seized during those searches.

5. The portion of Defendant Turner's Motion to Suppress [**R. 26**] relating to any evidence that was obtained that exceeded the scope of probable cause established by the affidavit is **GRANTED**.

6. The portion of Defendant Turner's Motion to Suppress [**R. 26**] relating to evidence properly within the scope of the probable cause established by the affidavit is **DENIED**.

This the 21st day of December, 2018

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF KENTUCKY