UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

Eastern District of Kentucky
**FILED**

MAR 0 7 2019

AT LONDON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

**CRIMINAL ACTION NO. 6:18-CR-00032-CHB**

**UNITED STATES OF AMERICA**     **PLAINTIFF**

**V.**     **PLEA AGREEMENT**

**JORDAN RYAN TURNER**     **DEFENDANT**

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 1 of the Indictment, charging a violation of 18 U.S.C. § 2251(a) and (e), attempted production of child pornography. Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Counts 2 through 4. The Defendant also agrees that all victims of his relevant conduct shall be considered victims under the Crime Victims' Rights Act and are entitled to restitution under 18 U.S.C. §§ 2259, 3663, and 3663A, regardless of the particular count of conviction

2. The essential elements of Count 1 are:

    (a) the Defendant intended to employ, use, persuade, induce, entice, or coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct;

    (b) the visual depiction was produced or transmitted using materials that were mailed, shipped, or transported in or affecting interstate commerce by any means, including computer, or the visual depiction was transported or transmitted using any means or facility of interstate commerce or in or affecting interstate commerce; and

(c) the Defendant did some overt act that was a substantial step towards committing the crime described in Paragraph 2(a) and (b) of this Agreement.

3. As to Count 1, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) Beginning on or about February 19, 2018, and continuing through on or about April 3, 2018, the Defendant used Facebook Messenger and Kik Messenger, both applications that utilize the internet to allow users to send text, images, video, and conduct real-time video streaming on cellular telephones and other electronic devices, to persuade and induce minor males to engage in sexually explicit conduct – specifically, for the minors to produce videos and still images of their penises. His purpose in persuading and inducing minors to engage in this conduct was to produce and send to the Defendant the visual depictions of the minors' penises, all for the sexual gratification of the Defendant. This conduct occurred in Bell County, in the Eastern District of Kentucky. The internet is a facility of interstate commerce.

(b) As an example of the conduct described in Paragraph 3(a), on or about February 19, 2018, the Defendant used Facebook Messenger to attempt to convince a boy who he knew to be a minor to send the Defendant a digital photograph of the minor's penis. The Defendant again attempted to convince this same minor to send such a photograph on or about March 16-17, 2018. This minor was located in the Eastern District of Kentucky at the time of the Defendant's conduct described herein.

4. The statutory punishment for Count 1 is imprisonment for at least 15 years and not more than 30 years, a fine of not more than $250,000, and a term of supervised release of not less than 5 years. Restitution to the victims of the Defendant's relevant conduct is mandatory pursuant to 18 U.S.C. §§ 2259, 3663, and 3663A, and the amount will be determined by the Court. A mandatory special assessment of $100 applies and an additional special assessment of $5,000 applies pursuant to 18 U.S.C. § 3014, and the

2

Defendant will pay these assessments to the U.S. District Court Clerk as directed by the Court.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

    (a) The United States Sentencing Guidelines (U.S.S.G.) manual in effect at the time of sentencing will determine the Defendant's guidelines range.

    (b) Pursuant to U.S.S.G. § 2G2.1(b)(1), increase the offense level by 2 levels because the offense involved a minor who had attained the age of twelve years but not attained the age of sixteen years.

    (c) Pursuant to U.S.S.G. § 2G2.1(b)(3), increase the offense level by 2 levels because the Defendant knowingly engaged in distribution.

    (d) Pursuant to U.S.S.G. § 2G2.1(b)(6), increase the offense level by 2 levels because the Defendant used a computer or interactive computer service to persuade and induce a minor to engage in sexually explicit conduct.

    (e) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

3

8. The Defendant waives the right to appeal the guilty plea and conviction. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. The Defendant will forfeit to the United States all interest in the property listed in the forfeiture allegation of the Indictment and will execute any documents necessary for this forfeiture. The Defendant agrees that a nexus exists between the property and the offenses for which he is pleading guilty.

10. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the

provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

11. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

12. The Defendant understands that, by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The Defendant also understands that, independent of supervised release, he will be subject to federal and state sex offender registration requirements and that those requirements may apply throughout his life. The Defendant

will be required to register with the sex offender registration agency in Kentucky and shall also register with the sex offender registration agency in any state or other jurisdiction where he resides, is employed, or is a student. The Defendant understands that he shall keep his registration current and shall notify the sex offender registration agency or agencies of any changes to his name, place of residence, employment, student status, or other relevant information. The Defendant shall comply with requirements to periodically verify in person his sex offender registration information. The Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. The Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

13. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

14. This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

15. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

16. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this

6

Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

ROBERT M. DUNCAN, JR.
UNITED STATES ATTORNEY

Date: 3/7/19

By: _____
Gregory Rosenberg
Assistant United States Attorney

Date: 3-7-19

_____
Jordan Ryan Turner
Defendant

Date: 3-7-19

_____
David Hoskins
Attorney for Defendant

7